**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 13-cv-01171-WYD-MEH

***JURY TRIAL DEMANDED***


PURZEL VIDEO GMBH,

     Plaintiff,

v.

CYRUS ST. PIERRE, and
JAMES WARREN,

     Defendants.

---

**PLAINTIFF'S MOTION AND MEMORANDUM TO DISMISS DEFENDANT ST.
PIERRE'S COUNTERCLAIMS AND TO STRIKE DEFENDANT ST. PIERRE'S
AFFIRMATIVE DEFENSES AT ¶¶ 19, 20, 22, 23, 21 (2nd), 22 (2nd), AND 26**

---

## I.    Introduction

In this action for copyright infringement, defendant Cyrus St. Pierre ("Mr. St.
Pierre") brought five counterclaims against plaintiff Purzel Video GmbH ("Purzel Video").
As set forth in detail below, each of Mr. St. Pierre's counterclaims fails as a matter of
law and should be dismissed in accordance with Fed. R. Civ. P. Rule 12(b)(6). Mr. St.
Pierre also raised a number of affirmative defenses, many of which should be stricken
based on this Court's decision in *Malibu Media, LLC v. Ryder.*[1]

---

[1] Mr. St. Pierre raises identical counterclaims and affirmative defenses and those raised by two Defendants in a co-pending action before this Court, Purzel Video GmbH v. Smoak, et al., No. 13-cv-01167-WYD-MEH, Docket Nos. 32 and 42 (D. Colo.).

For the reasons set forth herein, Plaintiff Purzel Video respectfully requests that the Court dismiss each of Mr. St. Pierre's five counterclaims: abuse of process, malicious prosecution, invasion of privacy, outragious [sic] conduct, and groundless and frivilous [sic] lawsuit. Docket No. 41 at 4-6. Purzel Video further requests that this Court strike six of his thirteen affirmative defenses (¶¶ 19, 20, 22, 23, 21 (2nd), 22 (2nd), and 26. *Id.* at 2-3.

## II.    Background

On May 2, 2013, Plaintiff Purzel Video filed this action for copyright infringement against twenty-five John Doe Defendants. Docket No. 1. The complaint alleged, *inter alia*, that the twenty-five John Doe defendants were assigned Internet Protocol (IP) addresses affiliated with the unauthorized distribution of Plaintiff's copyrighted film, *Creampie Young Girls 1*, via the BitTorrent file sharing protocol. In conjunction with this filing, Purzel Video filed a Motion for Expedited Discovery, which this Court granted in part, enabling Purzel Video to seek the names and addresses of the individual subscribers of the affiliated IP addresses from the subscribers' respective Internet Service Providers (ISPs). Docket Nos. 4, 11.

The ISPs subsequently produced the identifying information and Purzel Video has dismissed a number of the Doe defendants from the action. See, e.g., Docket Nos. 16, 18, 31. On August 20, 2013, Plaintiff filed a First Amended Complaint naming, *inter alia*, the remaining two Defendants, including Mr. St. Pierre. Docket No. 21. Mr. St. Pierre was served with process on September 9, 2013. Docket No. 29. Mr. St. Pierre filed his answer, affirmative defenses, and counterclaims on October 25, 2013. Docket

No. 41. Purzel Video now moves to strike a number of Mr. St. Pierre's affirmative defenses and to dismiss all of Mr. St. Pierre's counterclaims.

**III.    Argument**

   **a.  This Court should dismiss Mr. St. Pierre's five counterclaims.**

Mr. St. Pierre brings a number of counterclaims: abuse of process, malicious prosecution, invasion of privacy, outragious [sic] conduct, and groundless and frivilous [sic] lawsuit. Docket No. 41 at 4-6. Plaintiff Purzel Video moves to dismiss each of these under FED. R. CIV. P. Rule 12(b)(6). Pursuant to this rule, a party may move for dismissal of claims asserted against it based upon a "failure to state a claim upon which relief can be granted." FED. R. CIV. P. Rule 12(b)(6).

This Court has recognized that the *Iqbal/Twombly* pleading standard applies to such claims. The facts alleged must be enough to state a claim for relief that is plausible, not merely speculative. *GN Netsome, Inc. v. CallPod, Inc.*, No. 11-cv-03271-RBJ, 2012 WL 4086530, at*1 (D. Colo. Sept. 17, 2012) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). A plausible claim is one that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Pleadings that offer only "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

For the reasons set forth herein, each of Mr. St. Pierre's five counterclaims should be dismissed under FED. R. CIV. P. Rule 12(b)(6).

### i. Mr. St. Pierre's first counterclaim for abuse of process fails as a matter of law as Purzel Video brings this suit to protect its copyright interests.

Mr. St. Pierre brings a claim for abuse of process against Purzel Video, alleging, in part, that Purzel Video intentionally brought the case against Mr. St. Pierre and the principal reason for doing so was not to protect copyrighted material, but instead to extort and humiliate Mr. St. Pierre. Docket No. 41 at 4. Mr. St. Pierre's bare bones assertion fails as a matter of law.

In *GN Netsome*, this Court examined whether an abuse of process claim was proper when it was alleged that a patent false-marking complaint was motivated solely by the plaintiff's ulterior purpose of gaining unfair leverage in other pending litigation between the parties in suit. *GN Netsome*, 2012 WL 4086530, at *2. The Court found that the abuse of process counterclaim was improper, and, citing the false marking statute, stated that defendant had "offered no evidence that in filing a complaint, [plaintiff] sought to do anything other than protect its legitimate [] interests. Accordingly, [plaintiff] used the legal process to serve a regular and legitimate function in relation to the cause of action stated in the complaint." *Id.* at *3. Such is the case here: Mr. St. Pierre has offered no evidence that in filing a complaint Purzel Video sought to do anything other than protect its legitimate copyright interests. This is especially true in view that Mr. St. Pierre's ISP identified his account as the account from which Purzel Video's work was unlawfully distributed. In other words, there is a viable basis for this lawsuit. For these reasons, Mr. St. Pierre's first counterclaim for abuse of process fails as a matter of law and should be dismissed.

### ii. Mr. St. Pierre's second counterclaim for malicious prosecution fails as a matter of law because there is no prior action between the parties.

Mr. St. Pierre also brings a claim for malicious prosecution. In his assertion of malicious prosecution, Mr. St. Pierre fails to allege—because he cannot—the necessary component of a favorable resolution of a prior action, an underlying action resolved in his favor.

> The purpose of an action for malicious prosecution is to compensate a person sued in a malicious and baseless legal action for attorney fees, costs, "psychic damage" from shock of unfounded allegations in pleadings, and loss of reputation. The requirement of a favorable resolution of the prior action applies to civil as well as criminal proceedings. In Colorado, a claim for malicious prosecution does not accrue until the underlying proceeding is resolved in the plaintiff's favor.

*Conrad v. The Educ. Res. Inst.,* 652 F. Supp. 2d 1172, 1186 (D. Colo. 2009) (citations omitted). See also *Philobosian v. First Fin. Sec. Corp.*, No. 82-K-773, 1983 WL 1409, at *3 (D. Colo. Feb. 9, 1983) (any claim for malicious prosecution is premature until there has been a resolution of the lawsuit in claimant's favor). There is no prior action between Mr. St. Pierre and Purzel Video, let alone an action that was resolved in Mr. St. Pierre's favor; regardless, Mr. St. Pierre has not pled such facts in his counterclaim. Additionally, as stated above, Mr. St. Pierre's ISP identified his account as an account that unlawfully distributed Purzel Video's software. Therefore, there is a viable basis for this lawsuit.

For these reasons, Mr. St. Pierre's counterclaim for malicious prosecution fails as a matter of law.

### iii.   Mr. St. Pierre's third counterclaim for Invasion of Privacy should be dismissed as the facts do not support such a claim.

Mr. St. Pierre brings an invasion of privacy[2] counterclaim as his third counterclaim. To succeed on this claim, Mr. St. Pierre must plausibly allege: 1) the fact or facts disclosed are private in nature; 2) the disclosure was made to the public; 3) the disclosure was one which would be highly offensive to a reasonable person; 4) the fact or facts disclosed were not of legitimate concern to the public; and 5) the defendant acted with reckless disregard of the private nature of the fact or facts disclosed. *Gallegos v. City of Fort Lupton*, 12-cv-01594-MSK-MEH, 2012 WL 6212857, at *23 (D. Colo. Oct. 1, 2012) (citing *Robert C. Ozer, PO.C. v. Borques*, 940 P.2d 371, 377 (Colo. 1997)). Mr. St. Pierre fails to properly allege all of the required elements.

At the outset, Mr. St. Pierre does not allege "public disclosure" as necessary to state a claim for invasion of privacy. As Mr. St. Pierre alleges, "Plaintiff intentionally invaded Defendant's privacy by sending and posting the letters...." Docket No. 41 at 5. Simply posting a letter via United States Mail to the specific individual (whom the claim concerns) does not amount to "communication to the public in general or to a large number of persons." *Gallegos*, 2012 WL 6212857, at *23.

Moreover, even if one were to examine any disclosures made beyond the sending of the letter, the facts do not support a claim for invasion of privacy, as any disclosure stems from Mr. St. Pierre's own acts. In essence, based on Mr. St. Pierre's acts, the fact or facts disclosed are not private in nature. First, and as alleged in Purzel

---

[2] Mr. St. Pierre fails to specify the specific type of invasion of privacy claim he brings. Colorado does not recognize a claim for "false light" invasion of privacy. *Gallegos v. City of Fort Lupton*, 12-cv-01594-MSK-MEH, 2012 WL 6212857, at *23 (D. Colo. Oct. 1, 2012). Purzel Video will assume that he brings the recognized claim of "unreasonable publicity given to one's public life." *Id.*

Video's Complaint, Mr. St. Pierre participated in a BitTorrent file sharing protocol with other swarm members, including other defendants in this suit. Amended Complaint, Docket 21 at ¶¶ 9-11. As a participating peer in this protocol, Mr. St. Pierre initiated simultaneous connections with other peers possessing and sharing copies of the Purzel Video's motion picture, described in the BitTorrent file. Docket No. 5 at ¶ 16, Declaration of Mr. Matthias Schroeder Padewet. It was Mr. St. Pierre that initiated and fulfilled this public file sharing contact with other peers in an effort to share Purzel Video's copyrighted content.

Second, and as further alleged in Purzel Video's Complaint, Mr. St. Pierre's ISP, Comcast Corporation ("Comcast"), possessed his identifying information based on a contract of service between himself and "Comcast." By entering into this contract with Comcast (a third party), Mr. St. Pierre surrendered any privacy interest in his online activity.[3]

Third, Mr. St. Pierre's account was identified as the account from which Purzel Video's work was unlawfully distributed. Surely, any privacy interest that Mr. St. Pierre might have had is trumped by Purzel Video's need to stop copyright infringement that occurred from Mr. St. Pierre's account.

For these reasons, Mr. St. Pierre's counterclaim for invasion of privacy should be dismissed as the facts do not support such a claim.

---

[3] Comcast was required by this Court "to notify subscribers that their identities had been subpoenaed by Plaintiff." Docket No. 11 at 2. Mr. St. Pierre received this notification, yet took no action.

### iv. Mr. St. Pierre fails to state a claim for Outrageous Conduct.

Mr. St. Pierre's fourth counterclaim is for outrageous conduct, also known as intentional infliction of emotional distress. This claim is available in response to a "very narrow type of conduct…conduct that is 'so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized society.'" *Partminer Worldwide Inc. v. Siliconexpert Techs. Inc.*, No. 09-cv-00586-MSK-MJW, 2010 WL 502718, at *3 (D. Colo. Feb. 10, 2010) (citations omitted). While the question of whether conduct is outrageous is generally a question for the fact finder, the Court may dismiss a claim if it finds that reasonable minds could not differ on the question. *Id.* (citing *English v. Grifith*, 99 P.3d 90, 93 (Colo. App. 2004).

In *Partminer*, as here, defendant's outrageous conduct claim was premised on allegedly "false" accusations (misappropriating trade secret information) by the plaintiff. *Id.* at *4. The court found that the defendant failed to state a claim for outrageous conduct, stating:

> [T]he mere fact that a party has filed a lawsuit against another party –
> even a meritless one – is conduct insufficiently outrageous to support a
> claim. Indeed, under [defendant's] theory, any person who believes a
> lawsuit filed against them lacks merit could counterclaim for outrageous
> conduct.

*Id.* at *4, n.4. Here, the very basis of Mr. St. Pierre's outrageous conduct claim is Purzel Video's claims to enforce its copyright.

Moreover, "although the question whether conduct is outrageous is generally one of fact to be determined by a jury, it is the initial responsibility of a

court to determine whether reasonable persons could differ on the question."
*Schwartz v. Bank of America, N.A.*, 10–cv–01225-WYD-MJW, 2011 WL 1135001, at *8 (D. Colo. Mar. 28, 2011) (citing McCarty v. Kaiser-Hill Co., L.L.C., 15 P.3d 1122, 1126 (Colo. App. 2000) (cert. denied). "The level of outrageousness required for conduct to create liability for intentional infliction of emotional distress is extremely high." *Id.* "Liability has been found only where the conduct has been so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* Mr. St. Pierre has not met this extreme standard.

For these reasons, Mr. St. Pierre has failed to state a claim for outrageous conduct and his fourth counterclaim should be dismissed.

### v. Mr. St. Pierre's fifth counterclaim for Groundless and Frivolous Lawsuit should be dismissed as it is not a standalone claim.

Mr. St. Pierre's fifth counterclaim is that the lawsuit is groundless, frivolous, and substantially vexatious within the meaning of Colo. Rev. Stat. § 13-17-101. This counterclaim should be dismissed for the same reason this Court dismissed it in *Philbosian*: "the intent and application of § 13-17-101 *et seq.* is not to create a substantive claim for relief on its own. It is merely grounds for the award of monetary damages after the substantive claims have been resolved which can be set forth in the prayer for relief." 1983 WL 1409, at *2. For this reason, Mr. St. Pierre's fifth counterclaim should be dismissed.

### b. This Court can rely on its own recent and discreet precedent in striking six of Mr. St. Pierre's affirmative defenses.

A court may strike defenses that are insufficient on the face of the pleadings. Fed. R. Civ. P. 12(f). Specifically, Rule 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Its purpose "is to save the time and money that would be spent litigating issues that will not affect the outcome of the case." *Malibu Media, LLC v. Ryder*, No. 13-CV-00319-WYD-MEH, 2013 WL 4757266, at \*2 (D. Colo. Sept. 4, 2013). While a drastic remedy, the decision as to whether to strike an affirmative defense rests within the discretion of the trial court. *Id.* (citations omitted). Of note, the *Twombly/Iqbal* pleading standard has not been extended to affirmative defenses in this circuit. *Malibu Media, LLC v. Batz*, No. 12-cv-01953, 2013 WL 2120412, at \*2 (D. Colo. Apr. 5, 2013).

In *Malibu Media, LLC v. Ryder ("Ryder")*, Plaintiff Malibu Media, LLC ("Malibu Media"), as here, alleged that defendant Ryder infringed Malibu Media's copyrighted work by using the internet and a BitTorrent protocol to "reproduce, distribute, display, or perform Malibu Media's protected films. 2013 WL 4757266, at \*1. After being formally identified in and served with the First Amended Complaint, Ryder answered and asserted nine defenses, four of which this Court struck. *Id.* at \*2. As set forth below, despite such distinct and recent precedent, Mr. St. Pierre asserted each of these stricken affirmative defenses, as well as many similar defenses.

### i.   This Court, as it did in *Ryder*, should strike the unclean hands affirmative defense set forth in paragraph 19.

In his affirmative defense at paragraph 19, Mr. St. Pierre states that "Plaintiff comes to this Court with unclean hands." Docket No. 41 at 2. Defendant Ryder asserted the identical defense and, as here, the defendant offered no further details or elements to establish his defense of unclean hands. *Malibu Media v. Ryder*, 2013 WL 4757266, at *3. Accordingly, this Court struck the defense, stating: "[w]here asserted, unclean hands 'must be pled with the specific elements required to establish the defense.'" *Id.* (citing *Cartel Asset Mgmt. v. Ocwen Fin. Corp.*, No. 01-cv-01644-REB-CBS, 2010 WL 3522409, at *3 (D. Colo. Aug. 11, 2010)). These elements include a showing that the party seeking equitable relief is "(1) guilty of conduct involving fraud, deceit, unconscionability, or bad faith, (2) directly related to the matter at issue, (3) that injures the other party, and (4) affects the balance of equities between the litigants." *Id.* (citation omitted).

Just as in *Ryder*, Mr. St. Pierre's affirmative defense at paragraph 19 asserting unclean hands "asserts neither facts nor allegations that would support a finding of unclean hands in this case." *Id.* Accordingly, this affirmative defense should be stricken.

### ii.   This Court should rely on *Ryder* in striking Mr. St. Pierre's "damages defenses," specifically failure to mitigate (paragraph 20), no damages sustained (paragraph 21 (2nd)), and statutory damages are grossly excessive (paragraph 26).

To simplify this matter, Plaintiff hereby elects statutory damages in this case. This election solidifies that Mr. St. Pierre's damages defenses should be stricken. In his affirmative defense at paragraph 20, Mr. St. Pierre states that "Plaintiff has failed to

mitigate damages, if any." Docket No. 41 at 2. This affirmative defense is the same as
that stricken by this Court in *Ryder*, in which the Court stated that exclusive pursuit of
statutory damages invalidates a failure to mitigate defense. 2013 WL 4757266, at *3
(citing *Arista Records, Inc. v. Flea World, Inc.*, 356 F. Supp. 2d 411, 422 (D.N.J. 2005)
(mitigation of damages defense not appropriate in copyright infringement case where
plaintiffs sought only statutory damages). See also *Malibu Media v. Batz*, 2013 WL
2120412, at *3. A copyright plaintiff's election of statutory damages invalidates a failure
to mitigate defense.

Likewise, this Court should strike Mr. St. Pierre's affirmative defense at
paragraph 21 (2nd), that "Plaintiff has sustained no damages." Docket No. 41 at 2. 17
U.S.C. § 504(c)(1) permits a Plaintiff to elect to pursue a copyright infringement claim
for statutory damages (regardless of actual damages sustained), as Plaintiff has done
here. As set forth in detail above, because statutory damages equate to a statutory
penalty, once plaintiff elects statutory damages, determining actual damages sustained
by Plaintiff becomes a non-issue. *Malibu Media v. Batz*, 2013 WL 2120412, at *3 (citing
*Moothart v. Bell*, 21 F.3d 1499, 1506-07 (10th Cir. 1994) (finding that mitigation of
damages did not apply to statutory penalty)).

Finally, Mr. St. Pierre's affirmative defense at paragraph 26 stating that "Plaintiff's
claims are barred because under the circumstances the statutory damages are grossly
excessive" should be stricken as it has no basis in law. The copyright statute specifically
provides for statutory damages. Any award of statutory damages falls within parameters
defined by statute. This statute also allows for the court to inject its discretion into the

12

ultimate determination. These statutory damages can range not less than $750 or more than $30,000 "as the court considers just." 17 U.S.C. § 504(c)(1). Where willful infringement is shown, "the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2).

For these reasons, Mr. St. Pierre's damages defenses, namely his affirmative defenses at paragraph 20, paragraph 21 (2nd), and paragraph 26 should be stricken.

iii.    **Mr. St. Pierre's affirmative defenses of invalid copyright registration (paragraph 22), lack of originality (paragraph 23), and that plaintiff cannot prove Defendant engaged in the alleged conduct (paragraph 22 (2nd)) are redundant under Ryder.**

In his affirmative defense at paragraph 22, Mr. St. Pierre states that "Plaintiff's claims may be barred for lack of subject matter jurisdiction due to lack of valid copyright registration or failure to timely do so." Docket No. 41 at 2. Similarly, Mr. St. Pierre states that Plaintiff['s] 'work' is not subject to copyright protection because it lacks originality." *Id*. These affirmative defenses should be stricken as redundant for the same reasons as set forth in *Ryder*. 2013 WL 4757266, at *4. Both of these affirmative defenses address the validity of Plaintiff's copyright.

To establish a claim of copyright infringement, plaintiff must prove 1) ownership of a valid copyright; and 2) copying of constituent elements of the work that are original. *Malibu Media v. Ryder*, 2013 WL 4757266, at *4 (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). In attacking the validity of Plaintiff's copyright, Mr. St. Pierre is denying Plaintiff's *prima facie* case. Where a so-called affirmative defense

does nothing more than rebut a plaintiff's claims directly, rather than preclude liability, the defense should be stricken. *Id.* (citations omitted).

Similarly, Mr. St. Pierre's affirmative defense at paragraph 22 (2nd), that "Plaintiff cannot prove that Defendant engaged in the alleged conduct," is redundant. This "defense" is effectively a denial of the second element of the *prima facie* claim of copyright infringement, copying of an original work, which is the core issue which brings the parties before the Court.

Plaintiff requests that Mr. St. Pierre's affirmative defenses directed to its *prima facie* case of copyright infringement, namely the validity of the copyright (paragraphs 22 and 23) and the copying of original elements (paragraph 22 (2nd)) be stricken as redundant.

## IV.   Conclusion

For the reasons set forth herein, Plaintiff Purzel Video respectfully requests that this Court dismiss each of Mr. St. Pierre's five counterclaims: abuse of process, malicious prosecution, invasion of privacy, outrageous conduct, and groundless and frivolous lawsuit. Purzel Video further requests that this Court strike six of his thirteen affirmative defenses (¶¶ 19, 20, 22, 23, 21 (2nd), 22 (2nd), and 26).


Dated: November 15, 2013               Respectfully submitted,
                                       PLAINTIFF REFX AUDIO SOFTWARE, INC.,


                                       By its attorneys,


14

SIMMONS BROWDER GIANARIS
ANGELIDES & BARNERD LLC


By:  /s/ Paul A. Lesko
　　　　　　Paul A. Lesko
　　　　　　One Court Street
　　　　　　Alton, IL 62002
　　　　　　Phone:  618.259.2222
　　　　　　Fax:  618.259.2351
　　　　　　plesko@simmonsfirm.com


## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2013, I electronically filed the foregoing

document via the Court's ECF, electronic email system, upon all of record.


Casey A. Quillen
Ruebel & Quillen, LLC
8461 Turnpike Drive
Suite 209
Westminster, CO 80031
888-989-1777
Fax: 303-362-5724
Email: casey@rq-law.com
Counsel for Defendant Cyrus St. Pierre


　　　　　　/s/ Paul A. Lesko
　　　　　　Paul A. Lesko – Simmons Browder Gianaris
　　　　　　Angelides & Barnerd, LLC