IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-001171-WYD-MEH

PURZEL VIDEO GmbH,

     Plaintiff,

v.

CYRUS ST. PIERRE, and
JAMES WARREN,

     Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Plaintiff's Motion and Memorandum to Dismiss Defendant St. Pierre's Counterclaims and to Strike Defendant St. Pierre's Affirmative Defenses at ¶¶ 19, 20, 22, 23, 21(2nd), 22(2nd), and 26 [filed November 15, 2013; docket #49] ("the Motion"). The Motion has been referred to this Court for recommendation. (Docket #50.) The Motion is briefed to the extent required by local rule, and the Court finds that oral argument will not assist in the adjudication of the Motion. Based upon the record herein and for the reasons that follow, the Court RECOMMENDS that Plaintiff's Motion be **GRANTED**.[1]

---

[1]Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and

## BACKGROUND

Plaintiff initiated this action on May 2, 2013, alleging that multiple Doe Defendants, identified only by their Internet Protocol ("IP") addresses, infringed on Plaintiff's copyrighted work by using the internet and a "BitTorrent" protocol to reproduce, distribute, display, or perform Plaintiff's protected films.   In an effort to identify the alleged infringers, Plaintiff requested permission from the Court to serve limited, immediate discovery on the Doe Defendants' Internet Service Provider ("ISP") prior to the Rule 26(f) conference.  (Docket #4.)  The Court determined that Plaintiff had shown good cause for limited expedited discovery and granted Plaintiff's Motion in part. (Docket #11.)  In particular, the Court authorized Plaintiff to serve third party subpoenas pursuant to Fed. R. Civ. P. 45 on the identified ISP for the limited purpose of ascertaining the identity of the Doe Defendants as set forth in Plaintiff's Complaint.  The Court directed that the subpoenas be limited to providing Plaintiff with the true name, address, telephone number, email address, and Media Access Control address of the Defendants to whom the ISP had assigned an IP address.  With each subpoena, the Court directed Plaintiff serve a copy of its order.  Finally, the Court emphasized that Plaintiff could only use the information disclosed in response to the subpoenas for the purpose of protecting and enforcing its rights as set forth in its Complaint [docket #1].  The Court cautioned Plaintiff that improper use of this information could result in sanctions.

In accordance with the Court's order, Plaintiff served a  Rule 45 subpoena on Defendant Cyrus St. Pierre's ISP and obtained his identity.  Thereafter, Plaintiff filed an Amended Complaint

---

recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

on August 20, 2013.  (Docket #21.)  Defendant St. Pierre filed his Answer to Plaintiff's Amended

Complaint on October 25, 2013, asserting thirteen (13) defenses and five (5) counterclaims.  (Docket

#41.)

      In a single motion, Plaintiff moved to dismiss Defendant St. Pierre's counterclaims and to

strike seven (7) of his affirmative defenses on November 15, 2013 (Docket #49.)  Defendant St.

Pierre did not file a response.  The Court recommends as follows.

## COUNTERCLAIMS

## I.    Legal Standard

      "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted

as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Plausibility, in the

context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged."  *Id.  Twombly* requires

a two-prong analysis.  First, a court must identify "the allegations in the complaint that are not

entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare

assertions, or merely conclusory.  *Id.* at 678-80.  Second, the Court must consider the factual

allegations "to determine if they plausibly suggest an entitlement to relief."  *Id.* at 681.  If the

allegations state a plausible claim for relief, such claim survives the motion to dismiss.  *Id.* at 680.

      Plausibility refers "to the scope of the allegations in a complaint: if they are so general that

they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged

their claims across the line from conceivable to plausible.'"  *Khalik v. United Air Lines*, 671 F.3d

1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)).

"The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011). Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1191.

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has made an allegation, "but it has not shown that the pleader is entitled to relief." *Id.* (quotation marks and citation omitted).

## II.    Analysis

Defendant St. Pierre brings counterclaims against Plaintiff for (1) abuse of process, (2) malicious prosecution, (3) invasion of privacy, (4) outrageous conduct, and (5) groundless and frivolous lawsuit. Keeping the applicable legal standard in mind, the Court will analyze each of these counterclaims in turn.

### A.    Abuse of Process

A claim for abuse of process requires proof of three elements: "(1) an ulterior purpose for

the use of a judicial proceeding; (2) willful action in the use of that process which is not proper in the regular course of the proceedings, i.e., use of a legal proceeding in an improper manner; and (3) resulting damage." *Hertz v. Luzenac Group*, 576 F.3d 1103, 1117 (10th Cir. 2009) (quoting *Lauren Corp. v. Century Geophysical Corp.*, 953 P.2d 200, 202 (Colo. App.1998)).  Thus, to succeed on an abuse of process claim, a party must show not only improper motive, but also that the legal proceeding was used in an improper manner.  *Id.*  "[A]lthough the litigant's motive may be important in determining whether there was an 'ulterior purpose' for the use of the process, it still must be established that, viewed objectively, there was an improper use of the process."  *Id.* (emphasis original).  "If the action is confined to its regular and legitimate function in relation to the cause of action stated in the complaint there is no abuse, even if the plaintiff had an ulterior motive in bringing the action or if he knowingly brought suit upon an unfounded claim." *James H. Moore & Assocs. Realty, Inc. v. Arrowhead at Vail*, 892 P.2d 367, 373 (Colo. App. 1994) (quoting *Inst. for Prof'l Dev. v. Regis Coll.*, 536 F. Supp. 632, 635 (D. Colo. 1982).

Defendant St. Pierre's abuse of process claim is based upon allegations that Plaintiff's lawsuit "is not to protect copyrighted material, but to embarrass, shame, humiliate and extort individuals, such as Defendant St. Pierre, into paying money to avoid being publicly associated with the downloading of pornography[.]"  (Docket #41, ¶ 8.)  In support of the foregoing conclusory allegation, Defendant St. Pierre alleges that "Plaintiff delivered a letter to Defendant St. Pierre that included the disgusting name of its 'work' and threatened legal action in an attempt to extort a 'settlement' in the amount of $4,000.00."  (Docket #41, ¶ 11.)  A copyright owner may recover an award of statutory damages for an infringement with respect to any one work "a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1).  Thus, a $4,000

settlement offer is well within the statutory damages parameters.

Other courts addressing similar abuse of process claims have found that attempting settlement does not support a claim for abuse of process regardless of the parties' motivations. *See, e.g., Malibu Media, LLC v. Doe 1*, No. PJM 12-1195, 2013 WL 5603275, at \*3 (D.Md. Oct. 10, 2013); *Malibu Media, LLC v. Lee*, No. 12-03900, 2013 WL 2252650, at \*5-6 (D.N.J. May 22, 2013). "While it is likely true, given the salacious nature of the film, that Plaintiff had substantial leverage in settlement discussions, there is nothing wrong with presenting a defendant with a settlement offer prior to proceeding with litigation, and the fact that Plaintiff may have had an ulterior motive is inconsequential to the abuse of process analysis." *Metro Media Entm't, LLC v. Steinruck*, 912 F. Supp. 2d 344, 352 (D. Md. 2012). This Court agrees with the analysis of courts in other districts. Here, Plaintiff's settlement offer for an amount within the statutory damages range does not support Defendant St. Pierre's allegations of extortion and abuse of process.

Accordingly, the Court recommends dismissal of the abuse of process counterclaim.

**B.    Malicious Prosecution**

Under Colorado law, the elements of a malicious prosecution claim are (1) the defendant contributed to bringing a prior action against the plaintiff; (2) the prior action ended in favor of the plaintiff; (3) no probable cause; (4) malice; and (5) damages. *Hewitt v. Rice*, 154 P.2d 408, 411 (Colo. 2007). "In Colorado, a claim for malicious prosecution does not accrue until the underlying proceeding is resolved in the plaintiff's favor." *Conrad v. The Edu. Res. Inst.*, 652 F. Supp. 2d 1172, 1186 (D. Colo. 2009). Plaintiff's copyright infringement claim against Defendant St. Pierre has not been resolved. Thus, the second element of a malicious prosecution claim cannot be established and Defendant St. Pierre's counterclaim is premature.

Accordingly, the Court recommends dismissing Defendant St. Pierre's malicious prosecution counterclaim.

### C.    Invasion of Privacy

Defendant St. Pierre contends that Plaintiff's "sending and posting the letters" invaded his privacy. Defendant St. Pierre does not indicate the specific form of invasion of privacy claim that he raises. Colorado does not recognize a claim for "false light" invasion of privacy. *Denver Publ'g Co. v. Bueno*, 54 P.3d 893, 904 (Colo. 2002). Thus, the Court assumes he raises the recognized claim of "unreasonable publicity given to one's private life." *Robert C. Ozer, P.C. v. Borquez*, 940 P.2d 371, 377 (Colo. 1997). To succeed on this claim, the following elements must be established: (1) the fact or facts disclosed must be private in nature; (2) the disclosure must be made to the public; (3) the disclosure must be one which would be highly offensive to a reasonable person; (4) the fact or facts disclosed cannot be of legitimate concern to the public; and (5) the defendant acted with reckless disregard of the private nature of the fact or facts disclosed. *Id.*

Defendant St. Pierre has failed to plead this claim with specificity, as it remains unclear what fact or facts Plaintiff has disclosed that are private in nature. To the extent he claims his internet subscriber information is private, this Court agrees with those courts finding that internet subscribers do not have an expectation of privacy in the identifying information they conveyed to their ISPs. *See AF Holdings, LLC v. Does 1–162*, No. 11-23036-Civ, 2012 WL 488217, at *4 (S.D. Fla. Feb.14, 2012); *First Time Videos, LLC v. Does 1–18*, No. 4:11-cv-69-SEB-WGH, 2011 WL 4079177, at *1 (S.D. Ind. Sept.13, 2011). Further, information about the files shared through the BitTorrent file sharing protocol, such as the name of Plaintiff's work, are not private in nature. *See Ozer*, 940 P.2d at 377 ("The disclosure of facts that are already public will not support a claim for invasion of

privacy."); *see also Patrick Collins, Inc. v. John Does 1-28*, No. 12-13670, 2013 WL 359759 (E.D. Mich. Jan. 29, 2013) (defining BitTorrent as a peer-to-peer file sharing protocol). The Court therefore finds that Defendant St. Pierre's pleadings do not establish the first element required for an invasion of privacy claim. Accordingly, the Court recommends that the counterclaim be dismissed.

### D.     Outrageous Conduct

The elements of liability for the tort of outrageous conduct are that: (1) the defendant engaged in extreme and outrageous conduct; (2) the defendant engaged in the conduct recklessly or with the intent of causing the plaintiff severe emotional distress; and (3) the plaintiff incurred severe emotional distress which was caused by the defendant's conduct. *Culpepper v. Pearl Street Bldg., Inc.*, 877 P.2d 877, 882 (Colo. 1994). The threshold issue is whether Plaintiff has alleged conduct that is outrageous as a matter of law. *Green v. Qwest Services Corp.*, 155 P.3d 383, 385 (Colo. App. 2006). "The level of outrageousness required to constitute extreme and outrageous conduct is extremely high." *Reigel v. SavaSeniorCare L.L.C.*, 292 P.3d 977, 990 (Colo. App. 2011). The conduct must be "'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Coors Brewing Co. v. Floyd*, 978 P.2d 663, 666 (Colo. 1999) (quoting Restatement (Second) of Torts § 46 (1965)).

Filing a copyright infringement claim and offering to settle for an amount within the statutory damages parameters does not constitute outrageous conduct. *See Malibu Media*, 2013 WL 5603275, at *3. The embarrassing nature of Plaintiff's work is insufficient to give rise to an outrageous conduct claim, particularly where, as here, there is a factual basis supporting Plaintiff's

allegations that the work is protected by copyright laws, and an infringement was traced to Defendant St. Pierre's IP address.

Accordingly, the Court recommends dismissal of the outrageous conduct counterclaim.

### E.     Groundless and Frivolous Lawsuit

Defendant St. Pierre claims that Plaintiff's lawsuit is groundless, frivolous and substantially vexatious pursuant to Colo. Rev. Stat. § 13-17-101.   However, section 13-17-101 governs claims for attorney's fees, and cannot be brought as a substantive claim.  *See Philbosian v. First Financial Securities Corp.*  No.82-K-773, 1983 WL 1409, at *2 (D. Colo. Feb. 9, 1983) ("[T]he intent and application of section 13-17-101 et seq. is not to create a substantive claim for relief on its own.  It is merely grounds for the award of monetary damages after the substantive claims have been resolved which can be set forth in the prayer for relief.").

Defendant St. Pierre also cites Rule 11 as grounds for relief, but does not specify which subsection he relies upon.  The proper means for seeking relief under Rule 11 is by motion; Rule 11 does not provide for an independent substantive claim.

Accordingly, the Court recommends dismissal of Defendant St. Pierre's groundless and frivolous lawsuit counterclaim.  If judgment is entered in his favor, he may move for attorney's fees on this ground if proper.

### <u>AFFIRMATIVE DEFENSES</u>

### I.     Legal Standard

Rule 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  "The purpose of Rule 12(f) is to save the time and money that would be spent litigating issues that will not affect the outcome of the case."

*Kimpton Hotel & Restaurant Group, LLC v. Monaco Inn, Inc.*, No. 07-cv-01514-WDM, 2008 WL 140488, at *1 (D. Colo. Jan. 11, 2008) (citing *United States v. Shell Oil Co.*, 605 F. Supp. 1064, 1085 (D. Colo. 1985)).   Striking a portion of a pleading is a drastic remedy; the federal courts generally view motions to strike with disfavor and infrequently grant such requests.   5C Arthur R. Miller & Mary Kay Kane, <u>Federal Practice and Procedure</u> § 1380 (3d ed. 2011).   Whether to strike an affirmative defense rests within the discretion of the trial court. *Anderson v. Van Pelt*, No. 09-cv-00704-CMA, 2010 WL 5071998, at *1 (D. Colo. Dec. 7, 2010) (citing *Vanderhurst v. Colo. Mountain Coll. Dist.*, 16 F. Supp. 2d 1297, 1303 (D. Colo. 1998)).

"An affirmative defense is insufficient if, as a matter of law, the defense cannot succeed under any circumstance." *Unger v. US West, Inc.*, 889 F. Supp. 419, 422 (D. Colo. 1995).   The standard articulated in *Unger* continues to be the appropriate standard.   For the following reasons, the Court holds that an affirmative defense is sufficient if stated "in short and plain terms" pursuant to Rule 8(b)(1)(A), and if the movant fails to demonstrate that the defense cannot succeed under any circumstance.

## II.   Analysis

Plaintiff moves to strike seven of Defendant St. Pierre's affirmative defenses: (1) unclean hands, (2) failure to mitigate damages, (3) lack of subject matter jurisdiction based on lack of valid copyright registration, (4) Plaintiff's work is not subject to copyright protection because it lacks originality, (5) Plaintiff has sustained no damages, (6) Plaintiff cannot prove that Defendant engaged in the alleged conduct, and (7) the statutory damages are grossly excessive.   With the aforementioned legal principles in mind, the Court will consider each of the challenged defenses in turn.

### A.      First Defense: Unclean Hands

Defendant St. Pierre's first defense asserts that Plaintiff "comes to this Court with unclean hands."  (Docket #41, ¶ 19.)

In copyright actions, the doctrine of unclean hands is only applied "where the wrongful acts 'in some measure affect the equitable relations between the parties in respect of something brought before the court for adjudication.'" *Mitchell Bros. Film Grp. v. Cinema Adult Theater*, 604 F.2d 852, 863 (5th Cir. 1979) (quoting *Keystone Driller Co. v. Gen. Excavator Co.*, 290 U.S. 240, 245 (1933)). Where asserted, unclean hands "must be pled with the specific elements required to establish the defense."  *Cartel Asset Mgmt. v. Ocwen Fin. Corp.*, No. 01-cv-01644-REB-CBS, 2010 WL 3522409, at *3 (D. Colo. Aug. 11, 2010) (citing *MPC Containment Sys., Ltd. v. Moreland*, No. 05 C 6973, 2008 WL 1775501, at *5 (N.D. Ill. April 17, 2008)).  These elements include a showing that the party seeking equitable relief is "(1) guilty of conduct involving fraud, deceit, unconscionability, or bad faith, (2) directly related to the matter at issue, (3) that injures the other party, and (4) affects the balance of equities between the litigants." *Id*. (citing *In re New Valley Corp.*, 181 F.3d 517, 523 (3d Cir. 1999)).  Because the alleged inequitable conduct "must be connected ... to the matters before the court for resolution," a court should "not refuse relief to a party merely because it has engaged in misconduct which is unrelated to the claims before the court." *New Valley Corp.*, 181 F.3d at 525.

Defendant St. Pierre has alleged that Plaintiff's lawsuit "is not to protect copyrighted material, but to embarrass, shame, humiliate and extort individuals, such as Defendant St. Pierre, into paying money to avoid being publicly associated with the downloading of pornography[.]" (Docket #41, ¶ 8.)  As discussed in the abuse of process section above, the foregoing are conclusory

11

allegations and do not allege any inequitable conduct; an offer to settle for an amount within the statutory damage range and supported on factual grounds is not "conduct involving fraud, deceit, unconscionability, or bad faith," as is required for an unclean hands defense.[2]  *See Malibu Media, LLC v. Batz*, 12-cv-01953-WYD-MEH, 2013 WL 2120412, at *5-6 (D. Colo. April 5, 2013).

Accordingly, the Court recommends striking Defendant St. Pierre's first affirmative defense.

### B.      Second and Seventh Defenses: Failure to Mitigate and No Damages

Defendant St. Pierre contends that "Plaintiff has failed to mitigate damages, if any," and that "Plaintiff has sustained no damages."  (Docket #41, ¶¶ 20, 21(2nd).)

Under federal copyright law, "the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages[.]"  17 U.S.C. § 504(c)(1).  In the present motion, Plaintiff elected to pursue statutory damages exclusively.  A copyright plaintiff's exclusive pursuit of statutory damages invalidates a failure-to-mitigate defense.  *See Moothart v. Bell*, 21 F.3d 1499, 1506-07 (10th Cir. 1994) (finding that mitigation of damages did not apply to statutory penalty); *see also Arista Records, Inc. v. Flea World, Inc.*, 356 F. Supp. 2d 411, 422 (D.N.J. 2005) (mitigation of damages defense not appropriate in copyright infringement case where plaintiffs sought only statutory damages).  Because Plaintiff has elected statutory damages in this case, Defendant St. Pierre's failure-to-mitigate defense should be stricken.  Likewise, because actual damages are irrelevant to a claim for statutory damages, Defendant  St. Pierre's defense that Plaintiff suffered no damages should be stricken.

---

[2] Defendant's response to the Motion contains several allegations regarding the unclean hands defense.  Notwithstanding this Court's finding that the defense as presented in his Answer is inadequate, Defendant may move to amend his answer to include such allegations pursuant to Fed. R. Civ. P. 15(a)(2).

C.      **Fourth, Fifth, and Eighth Defenses: Copyright Validity, Lack of Originality, and Lack of Proof**

Defendant St. Pierre contends that: "Plaintiff's claims may be barred for lack of subject matter jurisdiction due to lack of valid copyright registration or failure to timely do so," "Plaintiff's 'work' is not subject to copyright protection because it lacks originality," and "Plaintiff cannot prove that Defendant engaged in the alleged conduct." (Docket #41, ¶¶ 22, 23, 22(2nd).)

To establish a claim of copyright infringement, Plaintiff must prove "(1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).  Defendant's attacks on the validity and originality of Plaintiff's copyrights are attacks on Plaintiff's prima facie case and are, therefore, not a proper affirmative defense. *See Isringhausen Import, Inc. v. Nissan N.A., Inc.*, No. 10-cv-3253, 2011 WL 6029733, at *6 (C.D. Ill. Dec. 5, 2011) (striking defense that merely attacked element of copyright infringement claim).  Likewise, Defendant St. Pierre's assertion that "Plaintiff cannot prove that Defendant engaged in the alleged conduct" is effectively a denial that Defendant copied Plaintiff's work; the defense merely attacks the second element of Plaintiff's copyright claim.

By its nature, an affirmative defense "does not negate the elements of a plaintiff's claim, but instead precludes liability even if all of the elements of a plaintiff's claim are proven." *Lane v. Page*, 272 F.R.D. 581, 598 (D.N.M. 2011).  Where a so-called "affirmative defense" does nothing more than rebut a plaintiff's claims directly, the defense should be stricken.  *Id.*  Therefore, the Court concludes that the affirmative defenses contained in paragraphs 22, 23, and 22 (2nd) should be stricken as redundant.

D.      **Twelfth Defense: Grossly Excessive Damages**

13

Defendant St. Pierre asserts that "Plaintiff's claims are barred because under the circumstances the statutory damages are grossly excessive." (Docket #41, ¶ 26.)  The Court finds that the defense is not properly asserted as an "affirmative defense," which is defined as "[a] defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all the allegations in the complaint are true."  Black's Law Dictionary (9th ed. 2009). While Defendant characterizes the defense as barring the Plaintiff's "claims" for statutory damages, Plaintiff's claim is actually for direct copyright infringement, the success of which may result in an "award" of damages.  Proof of statutory damages is not an element of a copyright infringement claim.  *See Feist Publ'ns, Inc.*, 499 U.S. at 361.

Thus, because the defense, as stated, "cannot succeed" in defeating any portion of the Plaintiff's claim for direct infringement, the Court recommends that the District Court strike the twelfth defense.

## **CONCLUSION**

The Court respectfully RECOMMENDS that Plaintiff's Renewed Motion and Memorandum to Dismiss Defendant St. Pierre's Counterclaims and to Strike Defendant St. Pierre's Affirmative Defenses at ¶¶ 19, 20, 22, 23, 21(2nd), 22(2nd), and 26 [filed November 15, 2013; docket #49] be **GRANTED** as set forth herein.

Entered and dated at Denver, Colorado, this 9th day of December, 2013.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge

14