IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   13-cv-01171-WYD-MEH

PURZEL VIDEO GmbH,

    Plaintiff,

v.

CYRUS ST. PIERRE and
JAMES WARREN,

    Defendants.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

THIS MATTER is before the Court in connection with "Plaintiff's Motion and Memorandum to Dismiss Defendant St. Pierre's Counterclaims and to Strike Defendant St. Pierre's Affirmative Defenses at ¶¶ 19, 20, 22, 23, 21 (2nd), 22 (2nd), and 26" filed November 15, 2013.  This motion was referred to Magistrate Judge Hegarty for a recommendation.  A Recommendation of United States Magistrate Judge was issued on December 9, 2013, and is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).  Magistrate Judge Hegarty recommends therein that Plaintiff's Motion and Memorandum to Dismiss Defendant St. Pierre's Counterclaims and to Strike Defendant St. Pierre's Affirmative Defenses at ¶¶ 19, 20, 22, 23, 21 (2nd), 22 (2nd), and 26 be granted.  (Recommendation at 1, 14.)

More specifically, as to St. Pierre's Counterclaims, Magistrate Judge Hegarty first found that the abuse of process counterclaim should be dismissed as "Plaintiff's

settlement offer for an amount within the statutory damages range does not support Defendant St. Pierre's allegations of extortion and abuse of process." (Recommendation at 5.).  He then found that the malicious prosecution counterclaim should be dismissed as premature because the second element of such a claim—resolution of the underlying copyright claim against St. Pierre—was not satisfied. (*Id.* at 6.)  As to the invasion of privacy counterclaim, Magistrate Judge Hegarty found that St. Pierre's pleadings do not establish the first element of such a claim—that the fact or facts disclosed must be private in nature. (*Id.* at 7-8.)  As to the outrageous conduct claim, he found that filing a copyright infringement claim and offering to settle for an amount within the statutory damages parameters does not constitute outrageous conduct. (*Id.* at 8.)  He also stated that "[t]he embarrassing nature of Plaintiff's work is insufficient to give rise to an outrageous conduct claim, particularly where, as here, there is a factual basis supporting Plaintiff's allegations that the work is protected by copyright laws, and an infringement was traced to Defendant St. Pierre's IP address." (*Id.* at 8-9.)  Finally, Magistrate Judge Hegarty recommended that the counterclaim asserting a groundless and frivolous dispute be dismissed as this is not a substantive claim. (*Id.* at 9.)

The Recommendation then addressed the affirmative defenses Plaintiff sought to dismiss.  Magistrate Judge Hegarty noted that Plaintiff moves to strike seven of Defendant St. Pierre's affirmative defenses: (1) unclean hands, (2) failure to mitigate damages, (3) lack of subject matter jurisdiction based on lack of valid copyright registration, (4) Plaintiff's work is not subject to copyright protection because it lacks

originality, (5) Plaintiff has sustained no damages, (6) Plaintiff cannot prove that Defendant engaged in the alleged conduct, and (7) the statutory damages are grossly excessive. (Recommendation at 10.)

Turning to the first affirmative defense alleging unclean hands, it is recommended that this be stricken as St. Pierre's allegation are conclusory "and do not allege any inequitable conduct; an offer to settle for an amount within the statutory damage range and supported on factual grounds is not 'conduct involving fraud, deceit, unconscionability, or bad faith,' as is required for an unclean hands defense." (Recommendation at 11-12) (quotation omitted).

As to the fourth, fifth, and eighth defenses asserting copyright validity, lack of originality, and lack of proof, Magistrate Judge Hegarty recommends that they be stricken as redundant as they are not proper affirmative defenses. (Recommendation at 13.)  In that regard, he finds that "Defendant's attacks on the validity and originality of Plaintiff's copyrights are attacks on Plaintiff's prima facie case and are, therefore, not a proper affirmative defense." (*Id.*)  Likewise, he finds that St. Pierre's assertion that "Plaintiff cannot prove that Defendant engaged in the alleged conduct" is effectively a denial that Defendant copied Plaintiff's work; the defense merely attacks the second element of Plaintiff's copyright claim." (*Id.*)

Finally, as to St. Pierre's affirmative defenses based on damages, it is recommended that the second affirmative defense alleging failure to mitigate be stricken because a copyright plaintiff's exclusive pursuit of statutory damages, as here, invalidates a failure-to-mitigate defense. (Recommendation at 12.)  It is recommended

that the seventh defense of no damages by Plaintiff also be stricken because "actual damages are irrelevant to a claim for statutory damages." (*Id.*)  It is recommended that the twelfth defense of grossly excessive damages be stricken because "the defense, as stated, 'cannot succeed' in defeating any portion of the Plaintiff's claim for direct infringement." (*Id.* at 14.)

Magistrate Judge Hegarty advised the parties that written objections were due within fourteen (14) days after service of the Recommendation.  (Am. Recommendation at 1 n. 1.)  Despite this advisement, no objections were filed to the Recommendation.  No objections having been filed, I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate."  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").  Nonetheless, though not required to do so, I review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record."[1]  See Fed. R. Civ. P. 72(b) Advisory Committee Notes.

Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record.  The Recommendation is well reasoned and persuasive.  I

---

[1] Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).

ORDERED that the Recommendation of United States Magistrate Judge dated December 9, 2013 (ECF No. 51) is **AFFIRMED and ADOPTED**.  In accordance therewith, it is

ORDERED that Plaintiff's Renewed Motion and Memorandum to Dismiss Defendant St. Pierre's Counterclaims and to Strike Defendant St. Pierre's Affirmative Defenses at ¶¶ 19, 20, 22, 23, 21(2nd), 22(2nd), and 26 filed November 15, 2013 (ECF No. 49) is **GRANTED**.  St. Pierre's Counterclaims are **DISMISSED**.  St. Pierre's affirmative defenses of unclean hands (¶ 19), failure to mitigate and no damages (¶¶ 20, 21(2nd)), copyright validity, lack of originality, and lack of proof (¶¶ 22, 23, and 22(2nd)), and grossly excessive damages (¶ 26) are **STRICKEN**.

Dated:  January 6, 2014

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge