IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.  13-cv-01171-WYD-MEH

PURZEL VIDEO GmbH,

    Plaintiff,

v.

CYRUS ST. PIERRE and
JAMES WARREN,

    Defendants.

**AMENDED ORDER AFFIRMING AND ADOPTING
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

THIS MATTER is before the Court in connection with Plaintiff's Amended Motion and Memorandum for Default Judgment Against Defendant James Warren ["Warren"] filed November 13, 2013.  This motion was referred to Magistrate Judge Hegarty for a recommendation.  A Recommendation and an Amended Recommendation of United States Magistrate Judge were issued on December 11, 2013, and are incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).[1]

In the Amended Recommendation, Magistrate Judge Hegarty recommends that Plaintiff's Amended Motion and Memorandum for Default Judgment against Defendant James Warren be granted in part and denied in part.  (*See* Am. Recommendation at 1, 16.)  Specifically, he first notes that Defendant Warren did not answer or respond to the Amended Complaint before the deadline, and that an Entry of Default was docketed by

---

[1] The initial Recommendation was terminated based on the Amended Recommendation.

the Clerk of the Court on October 15, 2013.  (*Id.* at 7-8.)  He further notes that Warren did not respond to the motion for default judgment.  (*Id.* at 8.)

It is then recommended that default judgment be entered in Plaintiff's favor against Warren pursuant to Fed. R. Civ. P. 55(b)(2).  (Am. Recommendation at 9.)  In support of this, he finds that the Court has jurisdiction and that "Plaintiff has established a violation of its copyrighted work by Defendant Warren, in that a computer at Defendant Warren's residence participated in an illegal download of its motion picture."  (*Id.* at 10.)  Thus, Magistrate Judge Hegarty finds that "Plaintiff has established that Defendant Warren copied Plaintiff's copyright protected work" and "recommends that the District Court find Defendant Warren has committed a direct infringement of the Copyright Act against Plaintiff as set forth in Count I of the Amended Complaint.  (*Id.* at 12-13.)   He also recommends that the Court find that Plaintiff has demonstrated Warren's liability as to contributory infringement as set forth in Count II of the Amended Complaint.  (*Id.* at 13.)  As to damages, it is recommended that Warren be ordered to pay Plaintiff $2,250.00 in statutory damages as authorized by 17 U.S.C. § 504(c)(1), and $726.66 for attorney's fees and costs as authorized by 17 U.S.C. § 505.  (*Id.* at 15, 16.)

Finally, it is recommended that the Court grant in part and deny in part Plaintiff's request for injunctive relief.  (Am. Recommendation at 15.)  Thus, it is recommended that Plaintiff's request for an order directing Warren to "destroy all copies of Plaintiff's Motion Picture" from "any computer hard drive or server without Plaintiff's authorization" that are within Defendant Warren's "possession, custody, or control" be granted as

reasonable. (*Id.*) On the other hand, it is recommended that the Court deny Plaintiff's request for an order enjoining Warren from directly or indirectly infringing on Plaintiff's copyrighted works, as Magistrate Judge Hegarty finds that Plaintiff failed to proffer evidence sufficient to justify this request. (*Id.* at 16.)

Magistrate Judge Hegarty advised the parties that written objections were due within fourteen (14) days after service of the Recommendation. (Recommendation at 1 n. 1.) Despite this advisement, no objections were filed to the Recommendation. No objections having been filed, I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). Nonetheless, though not required to do so, I review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record."[2] See Fed. R. Civ. P. 72(b) Advisory Committee Notes.

Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record. The Recommendation is well reasoned and persuasive. I agree that Plaintiff should be granted default judgment against Defendant Warren for direct infringement of the Copyright Act and contributory infringement. I further agree with the recommendation on damages—that Warren should pay Plaintiff $2,250.00 in

---

[2] Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).

statutory damages and $726.66 for attorney's fees and costs.  Finally, I agree that Plaintiff's request for injunctive relief should be granted in part and denied in part as set forth in the Recommendation.  Accordingly, it is

ORDERED that the Amended Recommendation of United States Magistrate Judge dated December 11, 2013 (ECF No. 53) is **AFFIRMED and ADOPTED**.  In accordance therewith, it is

ORDERED that Plaintiff's Amended Motion and Memorandum for Default Judgment Against Defendant James Warren (ECF No. 46) is **GRANTED IN PART AND DENIED IN PART**; namely, it is granted as to the request for a default judgment and for damages, and granted in part and denied in part as to the request for injunctive relief.  Therefore, it is

ORDERED that the Clerk of Court shall enter judgment in Plaintiff's favor against Defendant James Warren for direct copyright infringement of Plaintiff's copyrighted works and contributory infringement, as set forth in Counts I and II of the Amended Complaint.  It is

FURTHER ORDERED that Defendant Warren shall pay Plaintiff the sum of $2,250.00 in statutory damages and $726.66 for attorney's fees and costs.  It is

FURTHER ORDERED that Defendant Warren shall permanently destroy all the digital media files relating to, and copies of, Plaintiff's copyrighted work made or used by him in violation of Plaintiff's exclusive rights, as well as all master copies in his possession, custody or control from which such copies may be reproduced.  Finally, it is

ORDERED that Plaintiff's request for "entry of preliminary and permanent injunctions providing that [Defendant Warren] shall be enjoined from directly or indirectly infringing Plaintiff's rights in the copyrighted Motion Picture" is denied.

Dated:  January 6, 2014

                                              BY THE COURT:

                                              s/ Wiley Y. Daniel
                                              Wiley Y. Daniel
                                              Senior United States District Judge